# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-10504
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANCISCO GOMEZ MORA,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-252-1

———————————————————————

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

Francisco Gomez Mora pleaded guilty to conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine and possession with the intent to distribute 50 grams or more of methamphetamine. He appeals the district court's application of a two-level

———————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

enhancement pursuant to U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of drug manufacturing or distribution.

The district court's application of the premises enhancement "is a factual finding reviewed for clear error." *United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017). As we have observed, § 2B1.1(b)(12) "is flexible and adaptable to a variety of factual scenarios." *Id.* at 265 (internal quotation marks and citation omitted). Given that the record reflects that Gomez Mora not only lived in a home that was used as a methamphetamine conversion lab but also had a significant role in the conspiracy and had unrestricted access to the premises, we are not left with "a definite and firm conviction that a mistake has been committed." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (internal quotation marks and citation omitted). Accordingly, the district court did not clearly err in applying the enhancement. *See id.*

AFFIRMED.